UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aryne Randall, Scott Kuhn, and Peter Morrissey, *on behalf of the Wells Fargo & Company 401(k) Plan and a class of similarly situated participants of the Plan,* | Case No. 22-cv-2354 (ECT/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| Greatbanc Trust Company, Wells Fargo & Co., and Timothy J. Sloan, | |
| Defendants. | |

This matter is before the Court on Plaintiffs Aryne Randall, Scott Kuhn, and Peter Morrissey's ("Plaintiffs") Motion for Leave to Conduct Jurisdictional Discovery ("Motion") (ECF No. 57), on behalf of the Wells Fargo & Company 401(k) Plan and a class of similarly situated participants of the Plan. The Court held a hearing on the Motion on March 17, 2023 (ECF No. 64) and directed the parties to submit additional information by letter to the Court (ECF No. 65). Having carefully reviewed the entire record, the Court grants Plaintiffs' Motion.

In September 2022, Plaintiffs filed a putative class action ("Complaint") (ECF No. 1) asserting seven claims for relief under ERISA stemming from two factual allegations related to the alleged reclassification of Common Stock and Preferred Stock dividends in the Wells Fargo and Company 401(k) Plan (the "Plan"): (1) Wells Fargo improperly used Preferred Stock dividends to offset its matching contribution obligations under the Plan, rather than paying down employee stock ownership plan ("ESOP") loans (*Id.* at ¶¶ 83-84); and (2) Wells Fargo took dividends on Common Stock allocated to participant accounts and used such dividends to offset its employer matching contributions (*Id.* at ¶ 85). In December 2022, Defendants Greatbanc Trust Company, Wells Fargo

& Co., and Timothy J. Sloan ("Defendants") moved to dismiss Plaintiffs' Complaint under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, arguing Plaintiffs failed to state a claim on which relief may be granted and lacked Article III standing to assert their claims. (ECF No. 43.) To support their standing argument under Rule 12(b)(1), Defendants relied on extrinsic evidence, including a declaration from a Senior Benefits Consultant at Wells Fargo and Plan account records. (ECF No. 43 at 16; *see also* ECF No. 44 (declaration and Plan account records).)

On January 6, 2023, Plaintiffs filed an amended complaint—substantively similar to their Complaint[1] ("Amended Complaint") (ECF No. 49)—which is now the operative pleading in this case. In light of the Amended Complaint, District Judge Eric C. Tostrud entered an Order on January 9 denying Defendants' motion to dismiss as moot. (ECF No. 50.) The parties subsequently submitted a joint email to the Court, however, stating that Defendants planned to move for dismissal of the Amended Complaint and that Plaintiffs planned to move for jurisdictional discovery related to that anticipated motion. On February 8, 2023, Judge Tostrud entered an Order extending Defendants' deadline to answer or otherwise respond to the Amended Complaint until after Plaintiffs' Motion is decided and any jurisdictional discovery is completed. (ECF No. 55.)

Plaintiffs' Motion anticipates Defendants' forthcoming Rule 12(b)(1) motion will seek to dismiss Plaintiffs' Amended Complaint on the grounds previously asserted, namely, that Plaintiffs lack standing because they have no injury since they received all matching contributions and Common Stock dividends to which they were entitled under the terms of the Plan. (*See e.g.,* ECF No. 59 (noting Defendants' intent to rely on same extrinsic evidence they relied on in first motion to dismiss); ECF No. 63 (Defendants' discussion of forthcoming motion to dismiss).) To respond to Defendants' factual attack on standing, Plaintiffs seek: (1) a deposition of Defendants' declarant,

---

[1] The Amended Complaint removed reference to certain forms Defendants objected to in

2

Katherine Farnum, on the subjects presented in her declaration, the allocation of dividends from the certain Plan sub-accounts, and the Plan records on which she relied; (2) the total value of Preferred Stock dividends on Plan-owned Preferred Stock used in a sample year for purposes other than paying principal and interest on Preferred Stock notes, and (3) the fair market value reports on which GreatBanc, the Trustee, relied for annual Preferred Stock transactions in the sample year. (ECF No. 59 at 14; *see also* ECF Nos. 60-5, 60-6 (draft deposition notice and documents request).)

Defendants argue jurisdictional discovery is not warranted because the discovery Plaintiffs seek is irrelevant to the question of whether Plaintiffs suffered an injury-in-fact arising from Wells Fargo's allocation of Preferred Stock dividends. They contend Plaintiffs received all matching Common Stock contributions and Common Stock dividends to which they were entitled under the terms of the Plan. (ECF No. 63 at 11.) They assert the requested discovery relates to whether Plaintiffs were allegedly deprived of additional Common Stock that Plaintiffs might have received—but to which they had no entitlement—had the Plan used Preferred Stock dividends solely to pay down the ESOP loans, and that any such deprivation of additional Common Stock was essentially loss of a windfall that cannot establish an Article III injury-in-fact. (*Id.* at 11-13.) During the Motion hearing and in their additional letter briefing, Defendants stated that a Plan participant's only entitlement to Common Stock under the terms of the Plan derives from section 5.1(a) of the Plan, which caps matching Common Stock contributions at six percent of eligible compensation. (*See, e.g.*, ECF No. 16, 18:9-17.)

Upon reviewing the Plan documentation, the Court finds that the Plan authorizes allocations over the six percent cap when there is unallocated Common Stock at year end, such that it is at least possible Plaintiffs received fewer Common Stock allocations than they otherwise might have

---

their initial motion to dismiss.

received but for the alleged challenged conduct. (ECF No. 41-2 at 23, section 5.1(a); *id.* at 94, section 16.5(e).) Specifically, the Plan states that if otherwise required allocations of Common Stock have been completed at calendar year end (including the six percent matching contributions) and there is Common Stock that remains unallocated, such stock "*shall be* allocated among the Matching Contribution Accounts of all individuals who are Active Participants….". (*Id.*) In other words, the Plan describes circumstances in which additional allocations of Common Stock to Plan participants are mandatory—not theoretical.

Without ruling on the merits of the parties' claims and defenses, or reaching the underlying question of whether Plaintiffs in fact suffered a sufficient injury-in-fact to establish Article III standing, the Court finds Plaintiffs have demonstrated an adequate basis for discovery concerning whether the potential amount of unallocated Common Stock at year end was negatively impacted by Wells Fargo's alleged decision to use Preferred Stock dividends to pay its mandatory Plan contributions, instead of using the dividends to pay down the ESOP loans. Plaintiffs are further entitled to depose the declarant upon whose statements Defendants rely in support of their anticipated motion regarding the contents of her declaration and the documents supporting it. The Court concludes jurisdictional discovery is warranted under the circumstances. *Johnson v. U.S.,* 534 F.3d 958, 964 (8th Cir. 2008) (the Court has discretion to determine whether and how much jurisdictional discovery is necessary to resolve disputed jurisdictional facts).

Finally, the Court notes that the scope of Plaintiffs' discovery request is tailored to a single sample year and that Defendants have neither argued nor demonstrated that responding to the request will be burdensome. For these reasons, the Court grants Plaintiffs' Motion.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (ECF No. [57]) is **GRANTED**.

2. Plaintiffs may conduct the following jurisdictional discovery:

(a) a deposition of the Katherine E. Farnum on the subjects presented in her declaration, the allocation of dividends from Plan sub-accounts, and the Plan records on which she relied; and

(b) Plaintiffs' requests for production set forth at ECF No. 60-6.


Dated:  March 28, 2023                              *s/ Dulce J. Foster*
                                                                   DULCE J. FOSTER
                                                                   United States Magistrate Judge