UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aryne Randall, Peter Morrissey, and Scott Kuhn, on behalf of the Wells Fargo & Company 401(k) Plan and a class of similarly situated participants of the Plan, Plaintiffs, | Case No. 22-cv-2354 (ECT/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| GreatBanc Trust Company, Wells Fargo & Co., and Timothy J. Sloan, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing (ECF No. 113) of certain documents filed in connection Defendants' Motion to Dismiss the Amended Complaint (ECF No. 88) and Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 100). The parties agree that the documents (ECF Nos. 92 to 92-3; 94 to 94-12; 102; and 104 to 104-9) should remain sealed because they contain confidential and sensitive information related to the Employee Stock Ownership Plan, including non-public Wells Fargo financial information, and that redacting the limited, non-confidential information would be impractical. (*See* ECF No. 113.) The parties also point out that the each of the documents is designated "Confidential," per the parties' Stipulation for Protective Order (ECF No. 79). (*See* ECF No. 113.)

A court will seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to

balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224.

The parties filed the documents at issue in connection with Defendants' Motion to Dismiss the Amended Complaint and Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint. While it is true the documents may play a role in the District Judge's exercise of Article III judicial power, the Court finds good cause to grant the parties' motion in this particular in this instance. Having carefully reviewed the documents at issue, the Court finds that each document contains or references sensitive and confidential financial information. The Court thus concludes that the parties' legitimate interests in maintaining confidentiality as to these documents outweighs any public interest in unsealing them. *See Schwendimann v. Arkwright Advanced Coating, Inc.,* Civ. No. 11-820 (JRT/HB), 2018 WL 2230920, *1 (D. Minn. May 16, 2018) (sealing under LR 5.6 documents "contain[ing] information about [Plaintiff's] financials").[1]

---

[1] The Court notes that the designation of these documents as "Confidential" pursuant the Protective Order had bearing on the Court's decision only to the limited extent that it suggests the parties have not previously waived their interests in confidentiality. A party's designation of documents as "confidential" under a protective order for purposes of discovery is not dispositive of whether the documents should be sealed upon filing in the Court's docket, which is presumptively open to the public.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. [113]) is **GRANTED** as follows:

1. The Clerk is directed to keep ECF Nos. [92], [92-1], [92-2], [92-3], [94], [94-1], [94-2], [94-3], [94-4], [94-5], [94-6], [94-7], [94-8], [94-9], [94-10], [94-11], [94-12], [102], [104], [104-1], [104-2], [104-3], [104-4], [104-5], [104-6], [104-7], [104-8], [104-9], [104-10], [104-11], [104-12], [104-13], [104-14], [104-15], [104-16], [104-17], [104-18], [104-19], [104-20], [104-21], [104-22], [104-23], [104-24], [104-25], [104-26], [104-27], [104-28], [104-29], [104-30], [104-31], [104-32], [104-33], [104-34], [104-35], [104-36], [104-37], [104-38], [104-39], [104-40], [104-41], [104-42], [104-43], [104-44], [104-45], [104-46], [104-47], [104-48], [104-49], [104-50], [104-51], [104-52], [104-53], [104-54], [104-55], [104-56], [104-57], [104-58], [104-59], [104-60], [104-61], [104-62], [104-63], [104-64], [104-65], [104-66], [104-67], [104-68], [104-69], [104-70], [104-71], [104-72], [104-73], [104-74], [104-75], [104-76], [104-77], [104-78], [104-79], [104-80], [104-81], [104-82], [104-83], [104-84], [104-85], [104-86], [104-87], [104-88], [104-89], [104-90], [104-91], [104-92], [104-93], [104-94], and [104-95], under seal.

Dated:  September 21, 2023     *s/ Dulce J. Foster*
                               DULCE J. FOSTER
                               United States Magistrate Judge