UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARYNE RANDALL, SCOTT KUHN, and PETER MORRISSEY, *on behalf of the Wells Fargo & Company 401(k) Plan and a class of similarly situated participants of the Plan*,<br><br>Plaintiffs,<br><br>v.<br><br>GREATBANC TRUST COMPANY, WELLS FARGO & CO., and TIMOTHY J. SLOAN,<br><br>Defendants. | Case No. 22-cv-2354 (LMP/DJF)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

Brock J. Specht, Paul J. Lukas, Steven Andrew Smith, and Elizabeth M. Binczik, **Nichols Kaster, PLLP**, **Minneapolis, MN**; Daniel Feinberg, Nina Wasow, and Todd Jackson, **Feinberg, Jackson, Worthman & Wasow LLP, Berkeley, CA**; Mary Bortscheller, **Feinberg, Jackson, Worthman & Wasow LLP, Minneapolis, MN**; Gregory Y. Porter, **Bailey & Glasser LLP, Washington, D.C.**; Mark G. Boyko, **Bailey & Glasser LLP, Webster Groves, MO**; and Laura Babiak, **Bailey & Glasser LLP; Charleston, WV**, for Plaintiffs Aryne Randall, Scott Kuhn, and Peter Morrissey.

David Lurie and Roger H. Stetson, **Barack Ferrazzano Kirschbaum & Nagelberg, Chicago, IL**, and Nicholas H. Callahan, **Barack Ferrazzano Kirschbaum & Nagelberg, Wayzata, MN**, for Defendant GreatBanc Trust Company.

Kiera Murphy, **Faegre Drinker Biddle & Reath LLP, Minneapolis, MN**; Myron D. Rumeld, Russell Laurence Hirschhorn, Joseph Emanuel Clark, and Sydney Juliano, **Proskauer Rose LLP, New York, NY**, for Defendants Wells Fargo & Co. and Timothy J. Sloan.

In this putative class action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs Aryne Randall, Scott Kuhn, and Peter Morrissey (collectively, "Plaintiffs") have filed an unopposed motion for class certification and

appointment of class counsel. *See* ECF No. 153. For the following reasons, Plaintiffs' motion is granted.

## FACTUAL BACKGROUND

Plaintiffs were former employees of Defendant Wells Fargo & Co. ("Wells Fargo") and participants in a 401(k)/Employee Stock Ownership Plan (the "Plan") established by Wells Fargo. ECF No. 49 ¶¶ 18–22. Defendant GreatBanc Trust Company ("GreatBanc") was appointed by Wells Fargo to act as a named fiduciary for the Employee Stock Ownership Fund ("ESOP"). *Id.* ¶¶ 36–37. Defendant Timothy J. Sloan was the Chief Executive Officer of Wells Fargo from October 2016 to March 2019 and was the sole member of the ESOP Committee. *Id.* ¶¶ 30–32.

The Plan is a 401(k) defined contribution retirement plan, *id.* ¶ 39, and qualified Wells Fargo employees can participate in the Plan by making deferred salary contributions, ECF No. 91-2 §§ 2.42, 4.1. Wells Fargo also contributes to the Plan by matching employee salary deferrals and through discretionary profit-sharing. ECF No. 49 ¶ 44.

Wells Fargo distributes Wells Fargo common stock to the ESOP by obtaining convertible Wells Fargo preferred stock in a leveraged transaction. *Id.* ¶¶ 55–59. In essence, Wells Fargo loans money to the ESOP, and the ESOP uses the proceeds to purchase preferred stock from Wells Fargo. *Id.* Once acquired, the ESOP holds the preferred stock in a reserve account as collateral for the loan from Wells Fargo. *Id.* ¶ 58. As principal payments are made on the loan, a proportionate amount of preferred stock is released from the reserve account and converted into common stock. *Id.* ¶ 59. When released from the reserve account, preferred stock converts into $1,000 of common stock. *Id.* ¶ 60.

Plaintiffs allege that the Plan paid more than fair market value when acquiring the preferred stock. *Id.* ¶ 70. This is because the ESOP earns dividends on the preferred stock. *See, e.g., id.* ¶¶ 65, 70. Defendants' valuation of the preferred stock included future dividend income, discounted to present value. *Id.* ¶ 70. Plaintiffs allege that the dividend income from the preferred stock held by the Plan were assets of the Plan and could only be used for the benefit of the Plan participants (by, for example, paying down the loan used to purchase the preferred stock in the first place). *Id.* ¶ 72.

The problem, say Plaintiffs, is that Defendants did not use the dividend income from the preferred stock for the benefit of the Plan participants. Rather, Plaintiffs allege that Defendants used the dividend income to meet Wells Fargo's employer matching contribution obligations, which "were a contractual and ERISA liability of Wells Fargo." *Id.* ¶¶ 4, 73–77. And, according to Plaintiffs, GreatBanc overvalued the preferred stock when obtaining convertible Wells Fargo preferred stock for the ESOP, knowing that any excess dividends would inure to the benefit of Wells Fargo—not the Plan. *Id.* ¶¶ 117–22. Plaintiffs assert that by using this excess dividend income to defray Wells Fargo's employer matching contributions, Defendants breached their fiduciary duties to the Plan participants and engaged in prohibited transactions under ERISA. *Id.* ¶¶ 4, 98–167.

Plaintiffs survived Defendants' motions to dismiss, *see* ECF No. 124, and now move for class certification and appointment of class counsel, ECF No. 153. Defendants do not oppose the relief requested in Plaintiffs' motion. *See* ECF No. 152.

## ANALYSIS

Class certification is governed by Federal Rule of Civil Procedure 23, and a district court may not certify a class until it "is satisfied, after a rigorous analysis," that Rule 23(a)'s certification prerequisites are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (citation omitted) (internal quotation marks omitted). To certify the proposed class, the Court must conclude that the four prerequisites of Fed. R. Civ. P. 23(a) and at least one of the provisions of Fed. R. Civ. P. 23(b) are satisfied. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Here, the proposed class is defined as:

> All participants in the Wells Fargo & Co. 401(k) Plan from September 27, 2016 to December 30, 2022 (the "Class Period"), who held any portion of their Plan accounts, at any time during the Class Period, in the Wells Fargo ESOP Fund. Excluded from the class are individual Defendants, individual Defendants' beneficiaries, individual Defendants' immediate families, and officers and directors of Wells Fargo.[1]

ECF No. 155 at 5. A close review of the materials submitted in support of the unopposed motion and other relevant materials in the case file shows that this class satisfies the prerequisites of Fed. R. Civ. P. 23(a) and 23(b)(1), making certification appropriate.

**I.     Fed. R. Civ. P. 23(a)**

Federal Rule of Civil Procedure 23(a) provides that a class action may only be maintained if:

> (1) [T]he class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to

---

[1]  The Class Period is approximately six years because ERISA's statute of limitation applicable to Plaintiffs' claims is six years. ECF No. 155 at 5–6; *see* 29 U.S.C. § 1113.

> the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

These four requirements—numerosity, commonality, typicality, and adequacy of representation—are met here.

### a.     Numerosity

There are several relevant factors pertaining to the numerosity inquiry, the most obvious factor being the size of the proposed class. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982). The Court may also consider "the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Id.* at 559–60.

In this case, during each year of the Class Period, the Plan had more than 300,000 participants with account balances in the Plan. ECF No. 156 ¶ 2. It is self-evident that joining more than 300,000 putative class members to this action would be extremely impracticable; indeed, courts in this District have recognized that the presence of 40 or more class members makes joinder impracticable based on numbers alone. *See, e.g.*, *Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 944 (D. Minn. 2018); *Alberts v. Nash Finch Co.*, 245 F.R.D. 399, 409 (D. Minn. 2007). Moreover, it appears that class members are dispersed across the United States, and the proposed class representatives themselves live in Alaska, California, and Pennsylvania. *See* ECF No. 49 ¶ 97(a); ECF No. 159 ¶ 2; ECF No. 160 ¶ 2; ECF No. 161 ¶ 2. The sheer number of class members, combined with their "geographic dispersion," easily satisfies the numerosity requirement. *See Morrison v.*

*Entrust Corp.*, No. 23-cv-415 (ECT/ECW), 2024 WL 2207563, at *3 (D. Minn. May 14, 2024).

### b.  Commonality

"Commonality requires a showing that class members have suffered the same injury." *Powers v. Credit Mgmt. Servs.*, 776 F.3d 567, 571 (8th Cir. 2015) (citation omitted) (internal quotation marks omitted). To satisfy commonality, the class members' "claims must depend upon a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

In this case, Plaintiffs seek Plan-wide relief based on the Plan fiduciaries' alleged breach of their duties and involvement in transactions prohibited under ERISA. ECF No. 49 ¶¶ 4, 98–167. The Plan participants included within the proposed class are all in the same proverbial boat, as the Plan's fiduciaries make decisions with respect to the entire Plan and its participants, not on a participant-by-participant basis. *See id.* ¶¶ 81–87 (describing the Plan-wide impacts of Defendants' alleged conduct). As such, multiple questions common to all Plan participants exist, including whether Defendants were fiduciaries of the Plan, whether Defendants breached their fiduciary duties to the Plan, whether Defendants engaged in transactions prohibited by ERISA, and whether the class members have been injured.

Courts faced with similar, Plan-wide allegations have readily found the commonality requirement satisfied. *See Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 572 (D. Minn. 2014) ("[T]here are numerous questions of law or fact in this case that are

capable of classwide resolution. For example, the questions of whether Defendants breached their fiduciary duties . . . and whether the Plan suffered losses from those breaches, are common to all Plan participants' claims and, therefore, will generate answers common to all of the putative class members."); *Zilhaver v. UnitedHealth Grp., Inc.*, 646 F. Supp. 2d 1075, 1081 (D. Minn. 2009) ("[T]here are multiple questions of law and fact common to the proposed class. These include whether defendants breached fiduciary duties common to the class; the extent of financial injury to Plan participants, if any were injured at all; and whether defendants were Plan fiduciaries."). The Court similarly finds the commonality requirement met here.

    c.    **Typicality**

The typicality requirement is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996).

In this case, Plaintiffs assert claims on behalf of the entire Plan pursuant to 29 U.S.C. §§ 1109(a), 1132(a). ECF No. 49 ¶¶ 93–94. So, Plaintiffs' claims "are typical of those of the putative class members because all class members are participants in the Plan, and the alleged breaches of fiduciary duties were directed to the Plan rather than to individual participants." *Wildman v. Am. Century Servs., LLC*, No. 4:16–cv–00737–DGK, 2017 WL 6045487, at *5 (W.D. Mo. Dec. 6, 2017). The same can be said of the prohibited transaction

7

allegations: if Defendants engaged in prohibited transactions, they did so with respect to the Plan as a whole. Accordingly, a declaration that Defendants breached their fiduciary duties or engaged in prohibited transactions "would affect all class members equally," even if there are some factual variations among class members with respect to their specific injuries and damages. *Harju v. Olson*, 709 F. Supp. 2d 699, 735 (D. Minn. 2010). Because all class members will have claims similar to Plaintiffs, the typicality requirement is satisfied. *See DeBoer*, 64 F.3d at 1174.

### d. Adequacy of Representation

To demonstrate adequacy of representation, a plaintiff must show that "(1) the representative and its attorneys are able and willing to prosecute the action competently and vigorously; and (2) the representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A.*, 281 F.R.D. 347, 353 (D. Minn. 2012). "This inquiry requires the Court to evaluate the adequacy of both the proposed class representatives and the proposed class counsel." *Taqueria El Primo LLC v. Ill. Farmers Ins. Co.*, 577 F. Supp. 3d 970, 993 (D. Minn. 2021).

As for the first requirement, Plaintiffs have been active participants in this case, communicating with their attorneys, reviewing relevant pleadings, and engaging in discovery. *See* ECF No. 159 ¶¶ 4, 9; ECF No. 160 ¶¶ 4, 9; ECF No. 161 ¶¶ 4, 9. All indications to date suggest that Plaintiffs will prosecute this action competently and vigorously. Additionally, Plaintiffs' proposed class counsel have a wealth of experience litigating ERISA class actions. *See* ECF No. 156 ¶¶ 5–6, 11–12; ECF No. 157 ¶¶ 3–6; ECF

No. 158 ¶¶ 4–6. The law firms of the proposed class counsel also have significant experience with ERISA class actions. *See* ECF No. 156 ¶¶ 4–6; ECF No. 156-2 (regarding Feinberg, Jackson, Worthman & Wasow LLP); ECF No. 157 ¶¶ 4–6; ECF No. 157-1 (regarding Nichols Kaster, PLLP); ECF No. 158 ¶ 7; ECF No. 158-1 (regarding Bailey & Glasser LLP). And Plaintiffs' proposed class counsel have ably litigated this case to date, having successfully opposed Defendants' motions to dismiss and engaged in broad discovery. *See* ECF No. 124; ECF No. 158 ¶¶ 11–12. The Court is convinced that Plaintiffs and proposed class counsel will competently and vigorously litigate this matter.

As for the second requirement, as described above, Plaintiffs are in the same position as all other proposed class members because any losses from fiduciary breaches or prohibited transactions will be experienced on a Plan-wide basis by all class members. *See* ECF No. 49 ¶¶ 81–87. Consequently, "the interests of Plaintiff[s] and the proposed class members are certainly aligned in this case: they share the common goal of recovering damages from [Defendants] as a result of the [Plan's] losses." *City of Farmington Hills*, 281 F.R.D. at 354. The Court discerns no conflict of interest that could arise between Plaintiffs and class members: if Plaintiffs' allegations are borne out, all class members will have been injured by Defendants' conduct, and all class members will have an interest in recovering their losses. Even if the specific damages experienced by class members varies, the Court finds that Plaintiffs' interests are sufficiently similar to those of the class. *See id.* The Court is satisfied that Plaintiffs will adequately represent the interests of the class.

In sum, the Court finds the requirements of Fed. R. Civ. P. 23(a) satisfied.

**II.     Fed. R. Civ. P. 23(b)**

In addition to satisfying the requirements of Fed. R. Civ. P. 23(a), Plaintiffs must also demonstrate that at least one of the provisions of Fed. R. Civ. P. 23(b) is satisfied. *See Behrend*, 569 U.S. at 33. Plaintiffs assert that their case satisfies Fed. R. Civ. P. 23(b)(1). ECF No. 155 at 12–17. The Court agrees.

Federal Rule of Civil Procedure 23(b)(1) explains that a class action is appropriate under circumstances where:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

"To proceed under Rule 23(b)(1)(A) the court must find that individual lawsuits would create the possibility of establishing incompatible standards of conduct" for Defendants. *Brown v. Wells Fargo & Co.*, 284 F.R.D. 432, 446 (D. Minn. 2012) (citation omitted) (internal quotation marks omitted). Here, the remedial provisions of ERISA itself authorizes Plan-wide relief, *see* 29 U.S.C. § 1109, and Defendants' liability for the alleged breaches of fiduciary duty and prohibited transactions would be reimbursed to the Plan, *LaRue v. DeWolff, Boberg & Assoc., Inc.*, 552 U.S. 248, 251–52 (2008). As one court in

10

this Circuit has persuasively explained, "ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class" because "[p]ursuing separate actions would risk inconsistent conclusions concerning liability, remedies, and Defendants' standards of conduct." *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 194 (W.D. Mo. 2009).

In this case, "separate lawsuits by various individual Plan participants to vindicate the rights of the Plan could establish incompatible standards to govern Defendants' conduct." *Krueger*, 304 F.R.D. at 577. As just one example, if this Court concluded that Defendants breached their fiduciary duties and ordered recovery to the Plan, but another Court concluded the opposite, Defendants would be required to treat contributions for similarly-situated Plan participants differently. That would be an unacceptable result given that the whole purpose of ERISA is to "provide a *uniform* regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (emphasis added).

The Court also finds that class certification is proper under Fed. R. Civ. P. 23(b)(1)(B), which relates to cases that "would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Here, because Plaintiffs seek Plan-wide relief for actions that allegedly impacted all potential class members, Plaintiffs' proof regarding Defendants' conduct "will, as a practical matter, significantly impact the claims of other Plan participants and of employees" who participated in the Plan. *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009); *see Jones*, 257 F.R.D. at 193. Moreover, "inconsistent or varying adjudications would be intolerable for the employees of the same employee benefit plans," and because Plaintiffs seek Plan-wide relief, "there

11

is a risk that failure to certify the class would leave future plaintiffs without relief." *Zilhaver*, 646 F. Supp. 2d at 1081.

Indeed, the 1966 Advisory Committee notes to Fed. R. Civ. P. 23 explicitly contemplate that Rule 23(b)(1)(B) certification is appropriate in "an action which charges a breach of trust by . . . [a] fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." That is exactly the type of claim that Plaintiffs assert, which brings this case "squarely within the meaning articulated by the Advisory Committee." *Shanehchian v. Macy's, Inc.*, No. 1:07–cv–00828, 2011 WL 883659, at *10 (S.D. Ohio Mar. 10, 2011).

The Court therefore finds that Plaintiffs' claims may properly be resolved in a class action and, therefore, certification of a class is appropriate.

### III.  Appointment of Class Counsel

Having concluded that class certification is appropriate, the Court must now appoint class counsel. *See* Fed. R. Civ. P. 23(g). The Court must consider several factors in appointing class counsel, including "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

As described above, proposed class counsel and their law firms have deep experience with litigating ERISA class actions. *See* ECF No. 156 ¶¶ 4–6, 11–12; ECF

12

No. 156-2; ECF No. 157 ¶¶ 3–6; ECF No. 157-1; ECF No. 158 ¶¶ 4–7; ECF No. 158-1. And proposed class counsel have already expended significant resources on this case by investigating the potential claims at issue, initiating this action, successfully opposing Defendants' motions to dismiss, and engaging in discovery.  The Court agrees that Feinberg, Jackson, Worthman & Wasow LLP; Nichols Kaster, PLLP; and Bailey & Glasser LLP should be appointed as class counsel.  That said, to the extent that class counsel plan to later seek attorneys' fees and costs, "class counsel are advised that this court will not award what it views as duplicative fees for work performed at multiple law firms.  That includes having lawyers at three law firms review briefs and motions." *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 11652403, at *2 (D. Minn. May 4, 2018) (citation omitted) (internal quotation marks omitted).  The Court is confident that counsel will work to avoid any needless duplication of efforts on behalf of the class.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (ECF No. 153) is **GRANTED**.

2. The following class is hereby certified under Fed. R. Civ. P. 23:

> All participants in the Wells Fargo & Co. 401(k) Plan from September 27, 2016 to December 30, 2022 (the "Class Period"), who held any portion of their Plan accounts, at any time during the Class Period, in the Wells Fargo ESOP Fund. Excluded from the class are individual Defendants, individual Defendants' beneficiaries, individual Defendants' immediate families, and officers and directors of Wells Fargo.

3.Plaintiffs Aryne Randall, Peter Morrissey, and Scott Kuhn are **APPOINTED** as class representatives.

4.Plaintiffs' counsel Feinberg, Jackson, Worthman & Wasow LLP; Nichols Kaster, PLLP; and Bailey & Glasser LLP are **APPOINTED** as class counsel.

Dated: January 22, 2025*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge