UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ARYNE RANDALL, SCOTT KUHN, and PETER MORRISSEY, *on behalf of the Wells Fargo & Company 401(k) Plan and a class of similarly situated participants of the Plan*, | Case No. 22-cv-2354 (LMP/DJF) |
| Plaintiffs, | |
| v. | **PRELIMINARY APPROVAL ORDER** |
| GREATBANC TRUST COMPANY, WELLS FARGO & CO., and TIMOTHY J. SLOAN, | |
| Defendants. | |

---

Plaintiffs Aryne Randall, Scott Kuhn, and Peter Morrissey (collectively, "Plaintiffs") brought this class action under the Employee Retirement Income Security Act ("ERISA"), alleging breaches of fiduciary duty and prohibited transactions by Defendants Wells Fargo & Co. ("Wells Fargo"), GreatBanc Trust Company ("GreatBanc"), and Timothy J. Sloan ("Sloan") (collectively, "Defendants"). *See generally* ECF No. 49. On November 12, 2025, Plaintiffs filed an unopposed Motion for Preliminary Approval of a Class Settlement. ECF No. 212. The motion is accompanied by a copy of the executed Settlement Agreement, ECF No. 214-1, details of a proposed plan to allocate settlement proceeds among class members ("Plan of Allocation"), ECF No. 214-2, credentials of a proposed settlement administrator, ECF No. 214-3, and sample notice forms, ECF

1

Nos. 214-4, 214-5.  The Court held a hearing on the motion on December 4, 2025.  ECF No. 218.

Having fully considered the issues presented by Plaintiffs' motion, the Court hereby **GRANTS** the motion, enters a Preliminary Approval Order, and **ORDERS** as follows:

1. **Jurisdiction.**  The Court has subject-matter jurisdiction and personal jurisdiction over the parties before it.  Additionally, venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2).

2. **Class Certification.**  The Court granted Plaintiffs' Unopposed Motion for Class Certification and Appointment of Class Counsel, and appointed Plaintiffs as Class Representatives, on January 22, 2025.  ECF No. 168.  The Court certified the following class pursuant to Federal Rule of Civil Procedure 23(b)(1):

> All participants in the Wells Fargo & Co. 401(k) Plan from September 27, 2016 to December 30, 2022 (the "Class Period"), who held any portion of their Plan accounts, at any time during the Class Period, in the Wells Fargo ESOP Fund. Excluded from the class are individual Defendants, individual Defendants' beneficiaries, individual Defendants' immediate families, and officers and directors of Wells Fargo.

3. **Settlement Class Representatives and Settlement Class Counsel.**  The Court previously appointed Plaintiffs as Class Representatives and appointed Plaintiffs' counsel, Feinberg, Jackson, Worthman & Wasow LLP; Nichols Kaster, PLLP; and Bailey & Glasser LLP, as class counsel.  ECF No. 168 at 14.

4. **Preliminary Settlement Approval.**  Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to class members.  Accordingly, it is preliminarily approved.  In making this

determination, the Court has considered the relative merits of the parties' positions; the costs, risks, and delay associated with continued litigation; the good-faith and arm's-length negotiations between experienced counsel facilitated by an independent, professional mediator skilled in ERISA litigation; the effectiveness of providing relief to the class; the equitable treatment of the class members under the Settlement Agreement; and all of the other factors required by statute, rule, and case law.

5. **Deposit by Wells Fargo.**  No later than January 7, 2026, Wells Fargo shall deposit $84,000,000 into a Qualified Settlement Fund (as defined by Section 1.31 of the Settlement Agreement), if Wells Fargo has been provided wiring instructions and a completed Form W-9 from the Settlement Administrator.  For avoidance of doubt, neither GreatBanc nor Sloan shall bear any responsibility for funding any part of the Qualified Settlement Fund.

6. **Final Approval Hearing.**  A Final Approval Hearing (also known as a Fairness Hearing) shall be held on March 17, 2026 at 9:00 a.m. CDT, in Courtroom 3A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.  The Court will determine, among other things, whether (1) the Settlement should be approved as fair, reasonable, and adequate, and be finally approved; (2) final judgment should be entered; (3) the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of notice; (4) the requirements of the Class Action Fairness Act of 2005 ("CAFA") have been satisfied; (5) the proposed Plan of Allocation should be approved; (6) attorneys' fees and further expenses and costs should be awarded to Class Counsel; and (7) the application of the Class

Representatives for a Service Award should be approved. Class Counsel must file its Motion for Final Approval of the Settlement no later than February 24, 2026.

7. **Settlement Administrator.** The Court approves the retention by Class Counsel of Simpluris as the Settlement Administrator. Simpluris shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement, the Plan of Allocation, and this Order. Pursuant to Section 9.2.2 of the Settlement Agreement, and subject to the conditions set forth therein, up to $300,000 may be distributed from the Qualified Settlement Fund to Simpluris without further order from the Court for the sole purpose of paying for Settlement Administration Expenses.

8. **Notice Deadlines.** The proposed notice program set forth in the Settlement Agreement is hereby approved. No later than December 22, 2025, Defendants shall cause data to be provided to the Settlement Administrator sufficient to determine the names, last known addresses, and email addresses of class members, and other data necessary for implementation of the Plan of Allocation in electronic spreadsheet format. The information provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

No later than January 22, 2026, Class Counsel shall cause the Settlement Administrator to send the Class Notice, by sending (a) the Long-Form Notice (ECF No. 216, Ex. A-1) by electronic mail to all class members for whom Wells Fargo has an email address, and (b) the Short-Form Notice (ECF No. 216, Ex. A-2) by first-class mail to all other class members. For class members receiving the Long-Form Notice via email, if the email is returned as undeliverable, the Settlement Administrator shall thereafter send

the Short-Form Notice by first-class mail.  For those receiving notice via mail, the mailing address will be updated by the Settlement Administrator through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed).  Class Counsel also shall give notice by publication of the Settlement Agreement and Class Notice on WellsFargoESOPSettlement.com.  Not later than 5 days after sending notice to class members, the Settlement Administrator shall provide a declaration to Class Counsel and Defendants' Counsel attesting to compliance with the sending of the notice, as set forth above.

Non-material modifications to this notice program may be made by Class Counsel in consultation and agreement with the parties, but without further order of the Court.

**9.** **Findings Concerning Notice.**  The Court finds that the proposed form, content, and method of giving notice to class members as described in the Settlement Agreement and through the Long-Form Notice and Short-Form Notice: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise class members of the pendency of this action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement, including, but not limited to, their right to object to the proposed Settlement Agreement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all class members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23; and (e) and meet the requirements of the Due Process Clauses of the United States and Minnesota Constitutions.  The Court further finds that the Long-

5

Form Notice and Short-Form Notice are written in plain language, use simple terminology, and are designed to be readily understandable by class members. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreement.

10. **CAFA Notice.** The Court approves the form of the CAFA Notice submitted to the Court at ECF No. 216, Ex. B. Based on the Defendants' representations at the preliminary approval hearing, Defendants have fulfilled their obligations under CAFA to provide appropriate federal and state officials with information about the Settlement. *See* 28 U.S.C. § 1715.

11. **Attorneys' Fees, Costs, Expenses, and Service Award.** Class Counsel shall file papers in support of their Motion for Attorneys' Fees, Costs, Expenses, and Service Award with the Court no later than February 2, 2026. Defendants may file a response to the Motion for Attorneys' Fees, Costs, Expenses, and Service Award no later than February 16, 2026. No reply brief is permitted.

12. **Objections.** A class member desiring to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the Motion for Attorneys' Fees, Costs, Expenses, and Service Award, may submit a timely written objection by the objection deadline of February 25, 2026, and as stated in the Notice. Any such objections to the Settlement Agreement must be written and must include all of the following information: (1) the name and case number of the proceedings; (2) the objecting class member's full name, current mailing address, and telephone number; (3) a statement affirming that the objecting class member is a member of the class and an explanation of

the basis on which the person claims to be a class member; (4) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (5) the identity of any attorneys representing the objecting class member; (6) a statement regarding whether the objecting class member (or their attorney) intends to appear at the Final Approval Hearing; (7) a list of any persons the objecting class member or their counsel may call to testify at the Final Approval Hearing; and (8) the signature of the objecting class member or an attorney for the class member.

To be timely, written notice of an objection must be filed with the Clerk of Court for the United States District Court, District of Minnesota, by February 25, 2026. The objection must also be served on Class Counsel and Defendants' Counsel at the following addresses:

> Brock J. Specht
> NICHOLS KASTER, PLLP
> 80 South 8th St., Suite 4700
> Minneapolis, MN 55402
> Telephone: (612) 256-3200
>
> Gregory Y. Porter
> BAILEY & GLASSER LLP
> 1054 31st Street, NW, Suite 230
> Washington, DC 20007
> Telephone: (202) 463-2101
>
> Daniel Feinberg and Todd Jackson
> FEINBERG, JACKSON, WORTHMAN & WASOW LLP
> 2030 Addison St., Suite 500
> Berkeley, CA 94704
> Telephone: (510) 269-7998
>
> Russell L. Hirschhorn and Sydney L. Juliano
> PROSKAUER ROSE LLP
> Eleven Times Square

New York, New York 10036
Telephone: (212) 969-3000

Jeffrey P. Justman
FAEGRE DRINKER BIDDLE & REATH LLP
90 S. 7th St., Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000

Roger H. Stetson
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison St., Suite 3900
Chicago, IL 60606
Telephone: (312) 629-7339

Any class member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The Class Representatives or Defendants may take discovery from a class member who files an objection, and any party may file a response to an objection by a class member no later than March 6, 2026. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the class member or that class member's counsel.

13.    **Termination of Settlement.**  In the event the Settlement is terminated as set forth in Section 10 of the Settlement Agreement: (1) this Preliminary Approval Order shall become null and void *ab initio*, and shall be without prejudice to the rights of the parties; (2) this action shall revert to its status as of August 14, 2025; and (3) the parties will

8

cooperate in trying to return the action to the Court for decision on the matters pending before the Court at the time of the execution of the Settlement Agreement.

14. **Use of Preliminary Approval Order.** This Preliminary Approval Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any individual or entity. This Preliminary Approval Order (1) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Defendant of wrongdoing or liability in this action or any other proceeding; (2) is not an admission of any liability of any kind, whether legal or factual; (3) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement or arising out of or relating to this Preliminary Approval Order or to the Final Approval Order; (4) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the class that their claims lack merit or that the relief requested in this action is inappropriate, improper or unavailable; (5) shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims they may have. This Preliminary Approval Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability, or wrongdoing

15. **Continuance or Adjournment of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further notice to class members. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to class members.

16. **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.

17. **Stay of Litigation.** All proceedings in this action between Plaintiffs and Defendants, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, class members and their heirs, executors, administrators, successors, and assigns, as well as the Plan, are preliminarily enjoined from instituting or prosecuting any Released Claims (as defined by Section 1.33 of the Settlement Agreement) against any of the Releasees (as defined by Section 1.34 of the Settlement Agreement) pending final approval of the proposed Settlement.

18. **Schedule and Deadlines.** For clarity, the Court orders the following schedule of dates for further proceedings:

| Event | Deadline |
| --- | --- |
| Defendants Provide Data to Settlement Administrator | December 22, 2025 |
| Wells Fargo Makes Deposit Into Qualified Settlement Fund | January 7, 2026 |
| Settlement Administrator Provides Notice to Class Members | January 22, 2026 |
| Settlement Administrator Provides Declaration to Class Counsel and Defendants' Counsel Attesting to Compliance with Notice Requirements | Five days after providing Notice to Class Members |
| Class Counsel To File Motion for Attorneys' Fees, Costs, Expenses, and Service Awards | February 2, 2026 |
| Deadline for Defendants To Respond to Motion for Attorneys' Fees, Costs, Expenses, and Service Awards | February 16, 2026 |
| Class Counsel To File Motion for Final Approval | February 24, 2026 |
| Deadline for Class Members To File Objections | February 25, 2026 |
| Deadline for Responses to Class Members' Objections | March 6, 2026 |
| Final Approval Hearing | March 17, 2026, at 9:00 a.m. CDT |

Dated: December 8, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge